## MERRELL–SOULE CO. v. NATURAL DRY MILK CO.

(District Court, N. D. New York. January 20, 1915.)

PATENTS ☜328—VALIDITY AND INFRINGEMENT—PROCESS OF DESICCATING MILK.

> The Stauf patent, No. 666,711, for a method of desiccating milk, *held* not anticipated, valid, and infringed on motion to vacate order granting preliminary injunction.

In Equity. Suit by the Merrell-Soule Company against the Natural Dry Milk Company. On motion by defendant to vacate order granting preliminary injunction and for a supersedeas. Denied.

This court having granted a preliminary injunction and on motion having refused to vacate and set aside the order granting same (217 Fed. 578) after a full hearing and reargument on same papers and additional papers, and defendant having appealed from the order granting such preliminary injunction and the order refusing to vacate and set same aside, the defendant now, after such appeals, again moved to vacate the orders mentioned and also for a supersedeas or suspension of such injunction.

H. P. Denison, of Syracuse, N. Y., for complainant.
Frederick F. Church, of Rochester, N. Y., for defendant.

RAY, District Judge. This court went over the record before Judge Hazel and all papers submitted on the motion for a preliminary injunction, and again on the first motion to vacate, together with additional affidavits and papers, all before the appeals mentioned were taken.

In considering these motions made since that was done, I have gone over the whole matter for the third time and am compelled by my judgment to still agree with Judge Hazel as to the validity of the patent. As to the Williams patent as an anticipation, etc., I am of the opinion it is not a relevant reference in the prior art relating as it does to drying the water out of brine so as to leave the salt. Even

if relevant as a reference, I cannot see that it anticipates the invention of the patent in suit, or that, in view of it, the patent in suit is invalid.

This court always hesitates to grant a preliminary injunction; but if Judge Hazel is right, and I am correct as to the Williams patent, I see no escape from the charge of infringement. I delayed the issue of the injunction long enough to enable the defendant to secure an argument of the case on appeal from Judge Hazel; but, so far as appears, no effort was made to expedite that case.

Defendant tenders a bond of $3,000 on supersedeas, but this is insufficient in amount even if the orders were granted. However, I think the preliminary injunction should be in force.

Both motions should be denied.